

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:12CR-00104-H

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.

JOHN HATTON                                                 DEFENDANT

### JURY INSTRUCTIONS

**Members of the Jury,** now that you have heard all the evidence and the arguments of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the defendant or the United States. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I give you.

You must follow the law as I explain it to you whether you agree with it or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require the defendant to

1

prove his innocence or produce any evidence at all. The United States has the burden of proving that defendant is guilty beyond a reasonable doubt, and if it fails to do so, then you must find the defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts, or doubts based purely on speculation, are not reasonable doubts. A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act upon it in making the most important decisions in your own lives. If you are convinced that the United States has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which reason and common sense lead you to make.

In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

In this case, you have heard the testimony of Jill Wojciechowski and Dean Martin Ridge. You have also heard that theses witnesses may have received the benefit of a government promise to consider recommending a lesser sentence as part of a plea bargain. It is permissible for the government to make such a promise. But you should consider Ms. Wojciechowski and Mr. Ridge's testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by the government's promise. Do not convict the defendant based on the unsupported testimony of these witnesses, standing alone, unless you believe their testimony beyond a reasonable doubt.

A defendant has an absolute right not to testify. A defendant need not prove anything. Therefore, the fact that the defendant did not testify cannot be considered by you in any way during your deliberations. The fact that the defendant has been charged with several crimes is no evidence of guilt, and this should not influence your decision in any way. It is your duty to

3

separately consider the evidence that relates to each charge, and to return a separate verdict for each one.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Remember, witnesses are not the property of either the defendant or the United States; they merely give testimony which you should consider. Concentrate on that, not the numbers.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

In this case, the indictment charges the defendant with four offenses. Defendant is on trial only for the particular crimes charged in the indictment. For each particular crime charged, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty.

# INSTRUCTION NO. 1

Title 18, United States Code, Sections 2113(a) and (d) make it a crime for anyone to take from the person or presence of another, by force, violence, or intimidation, any money in the possession of a federally insured bank, and in the process of doing so to assault any person or put the life of any person in jeopardy by using a dangerous weapon. The Defendant, John Hatton, is charged with a violation of this statute on or about September 23, 2011 in the Western District of Kentucky.

For you to find the Defendant guilty of this crime, you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

(1) On or about September 23, 2011, the Defendant took money from another person while that money was in the care or custody of Your Community Bank, 13205 Magisterial Drive, Louisville, Kentucky;

(2) The Defendant took the money by means of force, violence or intimidation;

(3) The deposits of Your Community Bank were then insured by the Federal Deposit Insurance Corporation (FDIC); and

(4) The Defendant assaulted a person or put the life of a person in jeopardy by using a dangerous weapon while taking the money from the bank.

In deciding these issues, the following further instructions will be helpful.

To take "by means of intimidation" is to say or do something in such a way that would make an ordinary person fearful of bodily harm. It is not necessary to prove that the alleged victim was actually frightened, and neither is it necessary to show that the Defendant's behavior was so violent that it was likely to cause terror, panic, or hysteria. However, a taking would not be "by means of intimidation" if the fear, if any, resulted from the alleged victim's own timidity

rather than some intimidating conduct on the part of the Defendant. The essence of the offense is the taking of money or property accompanied by an intentional, intimidating behavior on the part of the Defendant.

An "assault" may be committed without actually touching or hurting another person. An assault occurs when a person intentionally attempts or threatens to hurt someone else, and has an apparent and immediate ability to carry out the threat, such as by pointing or brandishing a dangerous weapon or device.

To "put the life of a person in jeopardy by using a dangerous weapon" means to expose someone else to a risk of death by using a dangerous weapon.

A "dangerous weapon" includes a firearm that a person can readily use to inflict serious bodily harm on someone else.

If you are convinced that the government has proved all of these elements as to the Defendant, say so by entering a guilty verdict the Verdict Form under Instruction No. 1. If you have a reasonable doubt about any one of these elements, then enter a not guilty verdict on the same Verdict Form line.

If your verdict is guilty, proceed to Instruction No. 2. If your verdict is not guilty, proceed to Instruction No. 3.

# INSTRUCTION NO. 2

Title 18, United States Code, Section 924(c)(1)(A), makes it a crime for anyone to brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States. The Defendant, John Hatton, is charged with a violation of this statute on or about September 23, 2011.

For you to find the Defendant guilty of this crime, you must be convinced the United States has proved each of the following beyond a reasonable doubt:

(1) The Defendant committed the crime of bank robbery of Your Community Bank, under Instruction No. 1.

(2) The Defendant knowingly brandished a firearm.

(3) The brandishing of the firearm was during and in relation to this bank robbery.

In deciding these issues, the following further instructions will be helpful.

The term "brandish" means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged under Instruction No. 1; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime, and its presence or involvement cannot be the result of accident or coincidence. The carrying of the firearm cannot be merely coincidental or unrelated to the commission of that crime.

7

The term "knowingly" means voluntarily and intentionally, not because of mistake or accident.

If you are convinced that the government has proved all of these elements as to the Defendant, say so by entering a guilty verdict the Verdict Form under Instruction No. 2. If you have a reasonable doubt about any one of these elements, then enter a not guilty verdict on the same Verdict Form line.

Next, proceed to Instruction No. 3.

# INSTRUCTION NO. 3

Title 18, United States Code, Sections 1951(a), makes it a crime for anyone to take property from the person or presence of someone by force, violence, or intimidation, and in the process of doing so to delay, obstruct, or affect commerce or an item moving in commerce in any way or degree. The Defendant, John Hatton, is charged with a violation of this statute on or about October 21, 2011 in the Western District of Kentucky.

For you to find the Defendant guilty of this crime, you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

(1) The Defendant knowingly obtained or attempted to obtain the personal property of another, or from the presence of another;

(2) The Defendant did so against the victim's will, by means of actual or threatened force or violence or fear of injury, whether immediately or in the future;

(3) As a result of the Defendant's actions, commerce or an item moving in commerce was delayed, obstructed, or affected in any way or degree.

The term "property" includes money.

The term "fear" means a state of anxious concern, alarm, or apprehension of alarm.

While it is not necessary to prove that the Defendant specifically intended to affect commerce, it is necessary that the Government prove that the natural consequences of the acts alleged in the indictment would be to delay, interrupt, or adversely affect "interstate commerce," which means the flow of commerce or business activities between a state and any point outside of that state.

You are instructed that you may find that the requisite effect upon commerce has been proved if you find beyond a reasonable doubt that the operation of M & I Smoke Shop affected

interstate commerce. In determining whether the robbery of the M & I Smoke Shop affected interstate commerce, you should consider that a portion of the goods sold by the M & I Smoke Shop are shipped from outside the state of Kentucky and sold in this state, that a portion of the proceeds of sales or goods from the M & I Smoke Shop are used to purchase additional goods that are shipped in from outside of the state of Kentucky, that payments for products sold by the M & I Smoke Shop are routinely transmitted to businesses located outside the state of Kentucky, and that the M & I Smoke Shop lost sales as a result of the robbery.

If you are convinced that the government has proved all of these elements as to the Defendant, say so by entering a guilty verdict the Verdict Form under Instruction No. 3. If you have a reasonable doubt about any one of these elements, then enter a not guilty verdict on the same Verdict Form line.

If your verdict is guilty, proceed to Instruction No. 4. If your verdict is not guilty, do not consider Instruction No. 4, and return to the courtroom.

# INSTRUCTION NO. 4

Title 18, United States Code, Section 924(c)(1)(A), makes it a crime for anyone to brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States. The Defendant, John Hatton, is charged with a violation of this statute on or about October 21, 2011.

For you to find the Defendant guilty of this crime, you must be convinced the United States has proved each of the following beyond a reasonable doubt:

(1) The Defendant committed the crime of robbery of M & I Smoke Shop by force, violence, or fear, under Instruction No. 3.

(2) The Defendant knowingly brandished a firearm.

(3) The brandishing of the firearm was during and in relation to this robbery.

Please refer to Instruction No. 2 for definitions of the terms used in these elements that you may find helpful. Under this instruction, the same definitions will apply to the Smoke Shop robbery rather than the bank robbery.

If you are convinced that the government has proved all of these elements as to the Defendant, say so by entering a guilty verdict the Verdict Form under Instruction No. 4. If you have a reasonable doubt about any one of these elements, then enter a not guilty verdict on the same Verdict Form line.

Now you may return to the courtroom.

11

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced that it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinions of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the government has proved the defendant's guilt, then it will be my job to decide what the appropriate punishment should be. It would violate your oaths as jurors to

even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your fellow jurors to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to the single count in the case. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION 3:12-CR-104-H

UNITED STATES OF AMERICA                                  PLAINTIFF

v.

JOHN HATTON                                                          DEFENDANT

**VERDICT FORM**

We, the jury, find the defendant, **John Hatton**, as to:

    Instruction No. 1     _____          _____
                                    GUILTY                 NOT GUILTY

We, the jury, find the defendant, **John Hatton**, as to:

    Instruction No. 2     _____          _____
                                    GUILTY                 NOT GUILTY

We, the jury, find the defendant, **John Hatton**, as to:

    Instruction No. 3     _____          _____
                                    GUILTY                 NOT GUILTY

We, the jury, find the defendant, **John Hatton**, as to:

    Instruction No. 4     _____          _____
                                    GUILTY                 NOT GUILTY

                                                   _____
                                                   FOREPERSON
                                                   JUROR NO. _____

                                                       Date:  _____