UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN HATTON                                                          Movant/Defendant

v.                                                    Criminal Action No. 3:12-cr-00104-RGJ-2

UNITED STATES OF AMERICA                                     Respondent/Plaintiff

* * * * *

## MEMORANDUM OPINION AND ORDER

John Hatton ("Hatton") moves to vacate his sentence under 28 U.S.C. § 2255, [DE 338].

Hatton also filed a Demand for Mandatory Judicial Notice be Taken on the Record and Request

for Remedy, [DE 354], Motion to Supplement §2255 Motion, [DE 360], Motion to Amend § 2255

Motion, [DE 363], Motion to Expand Record to Include Affidavits, [DE 364], and Motion for

Leave to Amend and/or Supplement Petitioner's Motion under 28 U.S.C. § 2255 [DE 368]. These

matters are ripe for adjudication.

## I.      FACTUAL AND PROCEDURAL HISTORY

Hatton filed a *pro se* § 2255 motion. [DE 338]. That motion alleged various constitutional

violations during Hatton's trial, but lacked details or any supporting documentation about the

alleged violations. [*Id.* at 2443–57]. The United States responded to the § 2255 motion on January

29, 2018, arguing that Hatton has provided insufficient factual detail to support his motion. [DE

343]. Hatton did not reply, and on March 15, 2018, Magistrate Judge Whalin issued a Findings of

Fact, Conclusions of Law and Recommendation ("R&R"). The R&R recommended that the

§ 2255 motion be denied because Hatton failed to "set forth in specific fashion the exact nature of

the of the alleged" constitutional violations and to "specifically explain, with supporting argument

and facts" how Hatton was prejudiced by the alleged constitutional violations. [DE 345 at 2483].

On May 21, 2018, Hatton filed the Demand for Mandatory Judicial Notice be Taken on the Record and Request for Remedy. Hatton asserts the United States did not serve its response to his § 2255 motion and requested a chance to respond and to provide evidence of the alleged constitutional violations. [DE 354 at 2518; *see also* DE 356]. The United States responded. [DE 355].

On February 1, 2019, Hatton moved to supplement the § 2255 motion to include a claim arising under the "First Step Act of 2018" ("First Motion to Amend") [DE 360 at 2548–49]. On February 28, 2019, Hatton moved to amend the § 2255 motion to include the factual basis missing from the motion ("Second Motion to Amend"). [DE 363]. On March 12, 2019, Hatton moved to expand record to include affidavits, to which he attached several affidavits in support of the § 2255 motion. [DE 363]. Finally, Hatton obtained counsel who moved for leave to amend or supplement under 28 U.S.C. § 2255 ("Third Motion to Amend") [DE 368], again seeking to include an amended claim under the First Step Act of 2018. The United States has not responded to any of these four motions.

## II.    STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs a motion for leave to amend a § 2255 motion. 28 U.S.C. § 2242 (stating that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Oleson v. United States*, 27 F. App'x 566, 568 (6th Cir. 2001) (applying Fed. R. Civ. P. 15 to a § 2255 motion); *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) ("Amendment of a petition for habeas corpus is governed by 'the rules of procedure applicable to civil actions.'" (quoting 28 U.S.C. § 2242)). Rule 15(a)(1) permits a party to amend its pleading once automatically within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required,

21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B).  In all other cases, "a party may amend its pleading only with the opposing party's consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

The language of Rule 15(a)(2) commands the Court to freely grant permission to amend when justice requires.  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).  The Sixth Circuit has stated that Rule 15(a)(2) sets forth a "liberal policy of permitting amendments to insure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).  In evaluating the interests of justice, the Court should consider several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## III.    DISCUSSION

The parties dispute whether the United States properly served Hatton with its response to his § 2255 motion.  [*Compare* DE 354 at 2515 (". . . the United States, when it did file its Answer . . . *did not serve* a copy of the same upon Movant") (emphasis in original) *with* DE 362 at 2562 ("On January 29, 2018, the United States certified that it sent a copy of its response to Hatton in the form of first class mail.") (citing DE 343 at 2437)].  Hatton admits, however, that he received the United States' response by March 19, 2018.  [DE 347 at 2490].  Even if the United States did not serve Hatton with its response until March 19, 2018, Rule 15(a)(2) began governing

3

any motion to amend 21 days later, on April 9, 2018.[1]   The Court will therefore address the Rule 15(a)(2) factors as they pertain to Hatton's Motions to Amend.

## A.      First and Third Motions to Amend.  [DE 360; DE 368].

Hatton's first and third Motions to Amend request leave to amend the § 2255 motion to request relief under Section 403 of The First Step Act of 2018.  [DE 360-1 at 2552, DE 368 at 2650].  Section 403 of the First Step Act reduced the severity of "stacking" multiple § 924(c) offenses arising from the same incident by amending § 924(c)(1)(C) to provide that the higher penalty for a "second or subsequent count of conviction" under § 924(c) is triggered only if the defendant has a prior § 924(c) conviction that has become final.  *See* First Step Act of 2018, Public Law 115-015, December 21, 2018, 132 Stat. 015, § 403.  Hatton argues that "the fact that Congress entitled the legislation as the 'Clarification of 924(c) Act' makes it abundantly clear that Congress meant for the amendment to be retroactively applicable to all cases since the date of original enactment of § 924(c)."  [DE 360-1 at 2552].  In addition, Hatton's counsel argues that Section 403 of the First Step Act of 2018 is a clarifying amendment that applies retroactively to Hatton, mainly citing the language of the section's title and the legislative history in support.  [DE 368 at 2630-43].

The First Step Act specifically states that the amendment to § 924(c) applies "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense

---

[1] In responding to Hatton's Demand for Mandatory Judicial Notice be Taken on the Record, in which Hatton requested leave to file a late reply to the United States' response to the § 2255 motion, [DE 354], the United States asserts that Hatton "has already admitted to receiving the United States' response to the ineffective assistance of counsel claim" and quotes Hatton doing so, [DE 362 at 2562].  But in quoting Hatton, the United States conveniently elides the date on which Hatton claims to have received the response.  *Compare* the United States' quotation of Hatton, [DE 362 at 2562 ("I received the Governments [sic] response to my IAC Claim. . . .") (alterations in original) *with* Hatton's actual statement, [DE 347 at 2490 ("I received the Governments response to my IAC claim on March 19, 2018.")  But the crux of Hatton's argument in that motion was not that he had *never* received the United States' response, but that he had not received the response until after Magistrate Judge Whalin issued the R & R on March 15, 2018.  [DE 345].

4

has not been imposed as of such date of enactment." P.L. 115-391, Sec. 403(b). Courts that have addressed this issue have universally found the plain text of this statement precludes retroactive application of § 924(c)'s current prohibition of charge-stacking. *United States v. Holmes*, 797 F. App'x 912, 917 (6th Cir. 2019) ("Congress was clear when it stated that its amendment to § 924(c) 'shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.'"); *Mickles v. United States*, Civil Action No. 6:19-CV-060-CHB, 2019 WL 1995329, at *3 (E.D. Ky. May 6, 2019); ("[T]he provision of the Act that eliminates this 'stacking' does not apply retroactively."); *Smith v. Gomez*, Civil Action No. 5:19-CV-145, 2019 WL 1930128, at *2 (N.D. W. Va. April 30, 2019); *United States v. Fields*, No. 02-cr-02262 JAP, 2019 WL 1900373, at *4 (D. N.M. April 29, 2019) ("The First Step Act reduced the severity of these 'stacking' provisions for Section 924(c) convictions, but the provision only applies to offenses committed before enactment of the Act if a sentence had not been imposed before enactment.); *United States v. Rondon*, Case No. 8:06-cr-326-T-23TGW, 2019 WL 1060813, at *2 (M.D. Fla. March 6, 2019) ("In other words, a prisoner sentenced before enactment of the First Step Act is not entitled to the retroactive application of the changes to a sentence under Section 924(c).").

Indeed, the Sixth Circuit concluded that the plain language of Section 403 "makes clear that the only defendants who can benefit from section 403 are those whose conduct predates December 21, 2018, but whose sentences had not yet been imposed (along with defendants whose conduct occurred after the First Step Act became law)." *United States v. Richardson,* 948 F.3d 733, 748 (6th Cir. 2020). Section 403 does not apply to defendants sentenced before December 21, 2018. *Id.* Nor does Section 403's title's use of the word "clarification" alter the substance of the plain text limiting retroactivity where, as here, the text of the statute is unambiguous. *Id.* citing

*Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008). Thus, the First Step Act's amendment to § 924(c) applies retroactively only to those offenders whose sentence had not been imposed as of December 21, 2018. *Holmes*, 797 F. App'x at 917.

Hatton was sentenced on December 16, 2014. [DE 251]. The First Step Act was passed on December 21, 2018, over four years after Hatton's sentencing. Because the revised version of § 924(c) applies only to individuals sentenced after the enactment of the First Step Act, Hatton's claim under the First Step Act could not withstand a Rule 12(b)(6) motion to dismiss and would thus be futile to permit. *Rose*, 203 F.3d at 421. The Court will therefore DENY the First [DE 360] and Third [DE 368] Motions to Amend.

**B.      Second Motion to Amend.  [DE 363].**

The Court acknowledges Hatton's statement that he did not receive the United States' response to his initial § 2255 motion until March 19, 2018, after the magistrate judge issued the R & R. [DE 347 at 2490]. Hatton made his initial attempt to supplement the record with the factual predicates for his claims on April 5, 2018, about two weeks after the R & R. [DE 347]. While Hatton did not file the Second Motion to Amend until almost a year later, he has been diligently trying to present this Court with evidence of his claims throughout that period. [*See, e.g.*, DE 347; DE 354; DE 356; DE 360]. The Court therefore finds that Hatton has not acted with undue delay in filing or in bad faith.

Hatton's repeated attempts to supplement the record put the United States on notice that they may need to respond to an amended § 2255 motion, and the United States has not claimed that they would be prejudiced by the amendment. As this is Hatton's first amendment to his § 2255 motion, he has not failed in the past to cure deficiencies by previous amendments. Finally, a review of the proposed amended § 2255 motion convinces the Court that the motion is not futile.

The Court will therefore GRANT Hatton's Second [DE 363] Motion to Amend.

**C.     Motion to Expand Record to Include Affidavits.  [DE 364].**

Rule 7 of the Rules Governing § 2255 Proceedings states that "If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials related to the motion . . . the materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge.  Affidavits also may be submitted and considered as part of the record."  28 U.S.C.A. § 2254.

Hatton seeks to expand the record with two affidavits sworn to by his mother and sister, respectively.  [DE 364-1 at 2607–2615].  The Court finds that these affidavits relate to Hatton's § 2255 motion and the Motion to Expand Record [DE 364] will therefore be GRANTED.  *See Rose v. United States*, Case Nos. 1:09cr-47-1, 1:14cv809, 2015 WL 12731757, at *2 (S. D. Ohio June 26, 2015) (granting *pro se* motion to expand the record under Rule 7 of the Rules Governing § 2255 Proceedings).

## IV.     CONCLUSION

This leaves the Court to consider the R & R, [DE 345], and Hatton's Demand for Mandatory Judicial Notice be Taken on the Record and Request for Remedy.  Because the Court is granting Hatton's Second Motion to Amend, the Court REJECTS the R&R as moot, while noting that it does not find fault with the R&R.  Similarly, Hatton's Demand for Mandatory Judicial Notice, which sought "an opportunity to go behind the Magistrate's Report with evidence and argument toward an evidentiary hearing," [DE 354 at 2518], is DENIED as moot because the Court is rejecting the R&R.  The grant of the Second Motion to Amend effectively grants Hatton the remedy he sought in his Demand for Mandatory Judicial Notice.

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS**:

(1)     The Findings of Fact, Conclusions of Law and Recommendation, [DE 345], is **REJECTED AS MOOT**.

(2)     Hatton's Motion that Mandatory Judicial Notice be Taken on the Record and Request for Remedy, [DE 354], is **DENIED AS MOOT**.

(3)     Hatton's Motion to Supplement § 2255 Motion, [DE 360], is **DENIED**.

(4)     Hatton's Motion to Amend § 2255 Motion, [DE 363], is **GRANTED**.

(5)     Hatton's Motion to Expand Record to Include Affidavits, [DE 364], is **GRANTED**.

(6)     Hatton's a Motion for Leave to Amend and/or Supplement Petitioner's Motion under 28 U.S.C. § 2255 [DE 368], is **DENIED**,

(7)     This matter is **referred to Magistrate Judge Regina S. Edwards** pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact, conclusions of law, and recommendations on any dispositive matter.

(8)     **That the United States shall file its answer to the § 2255 motion as amended, [DE 363], within 21 days from entry of this Order.** *See* Rule 5(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. **The United States may admit or deny the correctness of Hatton's affidavits, [DE 364-1; DE 364-2], in its answer.** *See* Rule 7(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts. **Movant may file a reply memorandum within 21 days from service of the United States' answer.**